Eastern District of Kentucky
**F I L E D**

MAY 1 5 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

**CYNTHIA HALL,**

    **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**

**CIVIL ACTION NO. 6:24-CV-63-KKC**

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Cynthia Hall's appeal of her denial of social security benefits. (DE 1.) Hall has filed a brief in support of her appeal. (DE 11.) Defendant Commissioner of Social Security responded in opposition, seeking affirmance of the underlying decision. (DE 13.) The Court, having reviewed the record, will deny Hall's appeal and affirm the Commissioner's decision.

**I.**

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016). The five steps include the following:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her

physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* § 404.1520(g)(1).

In denying Hall's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. § 404.1520(a); *see, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Hall had not engaged in substantial gainful activity since March 15, 2014, the alleged onset date. (Administrative Record ("AR") at 28.)

At step two, the ALJ determined that Hall suffers from the following medically determinable severe impairments: obesity in conjunction with cervical and lumbar

2

degenerative changes, osteoarthrosis; cerebral degeneration/tumors with related complaints of low vision, headaches, and vertigo; and status post COVID-19 infection. (*Id.* at 28-29)

At step three, the ALJ found that Hall did not have an impairment or combination of impairments that meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 29.)

At step four, the ALJ assessed Hall's residual functioning capacity ("RFC"). (*Id.* at 30.) In making this assessment, the ALJ considered all of Hall's symptoms to the extent that they could reasonably be accepted as consistent with objective medical evidence and other evidence. The ALJ further considered and weighed the medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. § 404.1520(c). The ALJ concluded that Hall has the RFC to perform "light work" subject to some limitations. (*Id.*) As a result, the ALJ found that Hall was unable to perform any of her past relevant work. (*Id.* at 36.)

At step five, the ALJ relied on vocational expert ("VE") testimony to find that Hall was able to perform other work existing in the national economy. (*Id.*) These jobs included representative light semiskilled occupations such as clerk, order caller, and cashier. (*Id.* at 37.) The ALJ then concluded that Hall was not disabled under the Act. (*Id.*)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council affirmed the decision. *See* 20 C.F.R. § 422.210(a). Hall subsequently exhausted her administrative remedies and filed an appeal in this Court. Now that her appeal has been properly briefed, this case is ripe for review under 42 U.S.C. § 405(g).

## II.

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir.

2017). The Court must look to the record to determine whether the ALJ's decision is supported by substantial evidence—which has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The ALJ's decision must be read holistically. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

Hall presents two arguments on appeal: (1) that the ALJ failed to build a logical bridge between Hall's severe impairments and the RFC limitations; and (2) that the ALJ failed to properly evaluate Hall's headaches in assessing her RFC. (DE 11 at 8, 13.) Accordingly, the Court will address each argument in turn.

## A.

First, Hall argues that the ALJ erred as a matter of law in failing to build "an accurate and logical bridge" between Hall's "severe impairment of cerebral degeneration/tumors with related complaints of low vision, headaches, and vertigo" and the assigned RFC limitations. (*Id.* at 8.) Specifically, Hall claims that "the RFC developed by the ALJ does not accurately reflect the Plaintiff's maximum residual functional capacity" because the ALJ does not explain how her headaches and vision issues would be impacted by the use of tinted glasses. (*Id.* at 11-12.) Hall further asserts that while the ALJ acknowledged the existence of her conditions, the ALJ "completely abandoned" any analysis of what impact her conditions would have on her functional capacity to perform the recommended jobs. (*Id.* at 12.)

An ALJ's analysis must "build an accurate and logical bridge between the evidence and the result." *Frisby-Woods v. Kijakazi*, No. 5:20-cv-420-MAS, 2022 U.S. Dist. LEXIS 51997, at *17 (E.D. Ky. March 23, 2022) (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio March 1, 2011)). As an example, the Sixth Circuit has previously found that it was not harmless error for an ALJ to fail to make sufficiently clear why he rejected a

4

treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004). This requirement essentially boils down to needing an ALJ to adequately explain how they reached their conclusions.

A holistic review of the ALJ's opinion undermines Hall's argument. Despite Hall's claims about her vision issues, the ALJ noted that Hall's "independent lifestyle while living alone without required assisted living services or devices" was "indicative of highly functional, if monocular, vision . . . ." (AR at 32.) The ALJ pointed out that Hall's vision in her left eye should improve with pending cataract surgery. (*Id.*) Hall's own doctor, Mark Huffman, M.D., reported that the cataracts in her left eye were "not significant enough to warrant surgery"[1] and her visual floaters were "a benign condition[.]" (*Id.* at 350.) Based on the record, it was appropriate of the ALJ to restrict Hall to jobs requiring only monocular vision. Further, the ALJ clearly explains that the tinted glasses were "in response to [Hall's] recent complaints of light sensitivity to her optometrist." (*Id.* at 32-33.) Accordingly, the Court finds that the ALJ built a "logical bridge" between the evidence of Hall's vision issues and the proposed limitations.

Hall further appears to argue that she could not perform the VE's recommended jobs because they require "near perfect vision." (DE 11 at 12.) Without citing to any objective medical evidence, Hall indicates that it was unreasonable for "the ALJ [to] expect[] an individual with monocular vision and tinted glasses to be able to perform the jobs provided by the VE." (*Id.*) Hall provides no objective evidence supporting her claim that tinted glasses would somehow obstruct her vision. Also, the VE expressly stated during questioning that the recommended jobs could be performed with monocular vision. The Commissioner

---

[1] When offered surgery to correct her cataracts at a later date, Hall declined the procedure. (AR at 355.)

correctly notes that Hall did not challenge that portion of the VE's testimony. The Court has been given no reason why the VE's testimony should be discounted. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004) (finding that the Commissioner can rely on a VE's testimony to find that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy). Accordingly, Hall's argument on these grounds fail and the Court will turn to the next issue.

## B.

Next, Hall argues that the ALJ erred as a matter of law in failing to properly evaluate Hall's headaches when determining her RFC. Specifically, she argues that the ALJ "failed to evaluate the impact or effect of [Hall's] headaches upon [Hall's] ability to function in the workplace." (DE 11 at 14.) She asserts that the ALJ "did not discuss whether [Hall's] headaches and pain would impact her ability to concentrate, persist, or maintain pace, or whether [Hall] would require off-task time for her headaches." (*Id.*) In other words, Hall argues that the ALJ inclusion of the "tinted glasses" limitation is insufficient to account for the severity and frequency of Hall's headaches. This, she claims, constitutes a failure of the ALJ to consider "the combined effects of all [Hall's] impairments[,]" contrary to the requirement laid out in 20 C.F.R. § 404.1523. (*Id.*)

However, it is the plaintiff's burden to establish that greater functional limitations arising from their impairments are necessary. *Walters v. Comm'n of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("Furthermore, during the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."); *see also* 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled. You must provide evidence, without redaction, showing how your impairment(s) affects your functioning during

6

the time you say that you are disabled, and any other information that we need to decide your claim.").

The Court is persuaded that Hall failed to meet her burden of establishing that greater limitations were required in this matter. Hall's argument only focuses on what the ALJ allegedly *did not* consider in relation to her headaches. (DE 11 at 14.) She fails to point to medical evidence establishing greater limitation or even verbalize what those greater limitations should have been. (*Id.*) Instead, she argues that the ALJ failed to consider the "combined effects of all the Plaintiff's impairments." (*Id.*)

Yet the record shows that the ALJ's consideration of Hall's headaches was more than "lip service" when determining her RFC. The ALJ examined the evidence and noted that exams routinely showed that Hall did not suffer from "any neurologic, musculoskeletal, or systemic abnormalities suggestive of acute or disabling intracranial symptoms[.]" (AR at 32.) The ALJ even notes that it was Hall's subjective claims of "dizziness and headaches" that "cautiously warrant[ed] [a] reduction to light work with practical caveats for at least some degree of avoidance of dangerous and exacerbatory contingencies like extreme climbing and vibration." (*Id.*) Not only did the ALJ's consideration of Hall's headaches directly lead to a reduction to light work, the ALJ also included "the use of darkened eyewear and exposure to only moderate ambient noise in the workplace" limitations to better address Hall's headaches. The ALJ further noted that, despite Hall's subjective claims, she "still leads an independent lifestyle while living alone without assisted living services or devices." Reducing the ALJ's consideration of Hall's headaches to one limitation about wearing tinted glasses is simply inaccurate. Accordingly, this argument fails and the Court finds that the ALJ's decision was supported by substantial evidence.

7

### III.

For the above reasons, the Court **HEREBY ORDERS** that:

1.      Hall's appeal of her denial of social security benefits (DEs 1, 11) is DENIED;

2.      the decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g), in that it was supported by substantial evidence; and

3.      a judgment will be entered contemporaneously with this order.

This 15th day of May, 2025.



Signed By:
Karen K. Caldwell
United States District Judge